IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | 09-11357/Chapter 11 Proceeding |
| | ) | |
| ASHEVILLE CULTURAL ARTS | ) | APPROVED DISCLOSURE STATEMENT |
| CENTER, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

The debtor filed its pro se Chapter 11 proceeding on December 14, 2009. Notice and order for relief were filed by the Court on December 14, 2009 with the first meeting pursuant to Section 341 held on January 27, 2010 at 1:00 p.m. in Asheville, North Carolina. The debtor/debtor-in-possession retained the undersigned attorney on January 27, 2010 for representation in the Chapter 11 proceeding.

Pursuant to 11 USC Section 1125 of the Bankruptcy Code, the debtor/debtor-in-possession has prepared and filed this disclosure statement along with the plan for the Court's approval for submission to the holders of claims or interests with respect to the debtor/debtor-in-possession and its assets.

The purpose of the disclosure statement is to provide the holders of claims against or interests in the debtor/debtor-in-possession with adequate information about the debtor/debtor-in-possession and the plan to make an informed judgment about the merits of approving the plan.

## THE DEBTOR - HISTORY AND ORGANIZATION

The debtor was incorporated on May 25, 2004 and was organized to invest in real property and improvements in Buncombe County, North Carolina, generally to hold as rental property.

The debtor's primary (and currently only) owner is Charles W. Taft.

The debtor purchased four (4) tracts of real property over a two (2) year time period. All of the property is for rent or is rented.

The debtor owns the following real property tracts:

(1) 9 Joy Lane, Candler, Buncombe County, N.C. consisting of a house and five mobile homes; all for rent or rented;

(2) 1761 Pisgah Highway, Candler, Buncombe County, N.C. consisting of a house and three mobile homes; all for rent or rented;

(3) 3 Ken Sexton Lane, Candler, Buncombe County, N.C. consisting of a mobile home and lot for rent or rented;

(4) 308 Merrimon Avenue, Asheville, Buncombe County, N.C. consisting of a building for rent and rented.

The first three parcels are managed by a rental company, Asheville Property Management in the ordinary course of business. Attached are monthly owners statements from January, 2009 to April, 2010 indicating income and expenses.

At this time, the following properties are primarily rented; if full, the rental amounts are as follows:

(1) 9 Joy Lane, Candler, Buncombe County, N.C. consisting of a house and five mobile homes:

| | |
|---|---|
| House with rental of: | $725.00 per month |
| 5 mobile homes with rental of: | $425.00 each per month/total of $2,215.00 |
| 1 mobile home pad with rental of: | $175.00 per month |

(2) 1761 Pisgah Highway, Candler, Buncombe County, N.C. consisting of a house and three mobile homes;

| | |
|---|---|
| House with rental of: | $750.00 per month |
| 3 mobile homes with rental of: | $400.00 each per month/total of $1,200.00 |

(3) 3 Ken Sexton Lane, Candler, Buncombe County, N.C. consisting of a mobile home and lot with rental of $475.00 per month;

If these three (3) rental assets were fully rented, the gross monthly rental amount would be $66,480.00.

The actual gross receipts for 2009 were $58,735.58 with net of $42,686.36.

(4) 308 Merrimon Avenue, Asheville, Buncombe County, N.C. consisting of a building with rental of $6,500.00 per month beginning May 1, 2010.

### FINANCIAL STATEMENTS AND INFORMATION

**CREDITORS CLAIMS:**

(1) Unsecured Claims: As indicated on attached copy of Amended Schedule F of the debtor's petition, approximately $75,344.73 was listed for approximately four (4)

2

claimants. This does not include any debts to officers, directors or stockholders. Nothing has been paid on these debts since the filing date.

(2) Secured Claims: As indicated on attached copy of Schedule D of the debtor's petition, approximately $1,190,833.55 was listed for approximately four (4) claimants.

(3) Priority Claims: As indicated on attached copy of Schedule E of the debtor's petition, approximately $10,012.03 was listed for approximately one (1) claimant (post-petition, Buncombe County was paid these taxes by Carolina First Bank and the debtor).

There was pending litigation/foreclosure against the debtor by Carolina First Bank at the time of filing and Carolina First Bank has filed against the debtor/debtor-in-possession in the bankruptcy proceeding.

## THE PLAN OF REORGANIZATION

SUMMARY OF THE PLAN: The plan provides for creditors to be paid as follows:

CLASS 1. ADMINISTRATIVE CLAIMS: The plan will first pay all administrative claims including but not exclusively court costs, quarterly fees (if any), accountant(s), creditor committee expenses, attorney for the creditors committee (if any), attorney(s) for the debtor/debtor-in-possession and any other administrative claims so ordered by the Court. These costs are estimated to be approximately $20,000.00 and will be paid on or before the effective date.

CLASS 2. ADMINISTRATIVE TRADE CREDITORS: The debtor/debtor-in-possession does not believe there will be any administrative trade creditors; however, if administrative trade creditors including tax claimants are determined, these creditors shall be paid in full by regular quarterly payments for a period of one (1) year at eight percent (8%) simple annual interest with payments to begin at the end of the first full calendar quarter after substantial consummation and each consecutive quarter thereafter for the one year period.

CLASS 3. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK of approximately $189,690.38 secured by real property and improvements (house and five mobile homes) located at 9 Joy Lane, Candler, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $1,359.00 per month beginning on the 5th day of the next full month after the effective date and the 5th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 4. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK of approximately $159,113.12 secured by real property and improvements (house and three mobile homes) located at 1761 Pisgah Highway, Candler, Buncombe County, North Carolina.

3

The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $1,139.94 per month beginning on the 15th day of the next full month after the effective date and the 15th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 5. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK of approximately $867,095.82 secured by real property and improvements located at 308 Merrimon Avenue, Asheville, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $6,212.14 per month beginning on the 25th day of the next full month after the effective date and the 25th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 6. IMPAIRED SECURED CLAIM OF SELF HELP CREDIT UNION of approximately $20,833.55 secured by real property and improvements, a mobile home, located at 3 Ken Sexton Lane, Candler, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $149.26 beginning on the 28th day of the next full month after the effective date and the 28th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 7. PRIORITY TAX CLAIMS: Allowed claims of governmental units to the extent they are entitled to priority under 11 USC Section 507(a)(8) shall be deferred and paid over a five (5) year period from the date of the order for relief with interest on a monthly basis. Interest for the I.R.S. is provided for in I.R.C. Section 6621 and for other priority tax claims such as North Carolina Department of Revenue, the legal rate applies. Payments will begin the next month after the first full quarter after the effective date and each consecutive time period thereafter until the allowed claim is paid.

CLASS 8. PRIORITY CLAIMS: After determination of priority status, all claims superior to tax claims shall be paid in full within five (5) years of confirmation plus 5.25% interest per annum for the five year period.

CLASS 9. IMPAIRED UNSECURED CLAIMS of approximately $75,344.73. Allowed unsecured claims will be paid by quarterly payments for five (5) years (20 quarters) by payments of no less than $2,000.00 and no more than $4,500.00 per quarter beginning the next month after the first full quarter after the effective date and each quarterly period thereafter (payments should be made on or about January 31, April 30, July 31 and October 31 of each year). The debtor's intent is to pay these creditors in full within the six (6) year period.

CLASS 10. EXECUTORY CONTRACT with Asheville Property Management. In conjunction with confirmation and, if appropriate for the Chapter 11 estate and creditors, the debtor/debtor-in-possession intends to accept the contract with Asheville Property Management.

DEFINITIONS:

Allowed Claim: An allowed claim is one listed by the debtor on its petition and not designated by the debtor as being contingent/disputed/unliquidated or is a claim filed by or on behalf of the creditor, either of which is not objected to by the debtor or, if objected to by the debtor, allowed by the Court (subject to appeal) in some amount.

Effective Date: Effective date is the date from which payment dates are computed for each class of creditors and the date at which administrative claim amounts are due to be paid unless other treatment is ordered, agreed upon or provided for in the plan and not objected to. The effective date is 30 days from the entering of the order of confirmation unless the Court extends the time due to litigation which might materially affect implementation of the plan; see below for further description.

PROVISO: Notwithstanding any of the terms and conditions of the plan, disputed claims shall be paid only upon allowance by the Court. Upon confirmation, the debtor/debtor-in-possession will be revested with its assets subject only to all outstanding liens which are not avoidable by the debtor/debtor-in-possession under the provisions of Title 11 of the Code, and entitled to manage its affairs without further orders of this Court. However, subject to the debtor/debtor-in-possession being so revested with its assets, the Court will retain jurisdiction until the plan has been fully consummated, for adversaries, objections to claims, collecting accounts receivables, avoidance actions, post-confirmation rights involving creditors or other matters pending post-confirmation, or as otherwise indicated in this plan or confirmation order. The debtor/debtor-in-possession specifically reserves the right to object to any and all claims, post-confirmation, and all claims are deemed objected to until the plan is substantially consummated and/or allowed by the Court.

The maximum period for repayment will be 24 quarters for Class 9, 60 months for Classes 7 and 8, and 85 months for Classes 3, 4, 5 and 6.

FINANCIAL INFORMATION:

Because the I.R.S. requires that single interest limited liability companies should use Schedule C attached to the individual members 1040 tax returns, tax preparers must follow that requirement with Internal Revenue Service income tax filings. The debtor has not filed a separate 1065 tax return with the I.R.S. and its business operation is reflected on Schedule C

5

of the owner's, Charles W. Taft, tax filings. Attached Exhibits 1, 2, 3 and 4 are tax/financial information and creditors of the debtor/debtor-in-possession.

The secured creditor, Carolina First Bank, has requested financial information concerning the Merrimon Avenue tenant; that financial information is attached as Exhibits 5 and 6.

### PLAN INCOME:

The plan income is generated from rental income from the four (4) parcels of real property and improvements.

The fall of 2009 and winter of 2010 saw a significant increase in expenses for some of the rental properties which should not be duplicated for several years in the future.

The Merrimon Avenue property has generated inconsistent income for the years of 2008, 2009 and the first part of 2010, primarily due to the economic distress locally and generally in the nation. Little, if any rent was paid by the tenant.

The tenant, Asheville Arts Center, Inc. has reorganized its business and now can consistently pay the rent for that primary asset.

Asheville Arts Center, Inc. is owned by Heather Taft (one-half interest) and Charles W. Taft (one-half interest) with Heather Taft as the President and Chief Operating Officer of that corporation.

The other rental properties have averaged the following rentals and net rentals over the past year:

**2009:**

| | |
|---|---|
| February | $ 6,330.00 |
| March | 3,755.00 |
| April | 3,020.00 |
| May | 5,067.00 |
| June | 4,580.00 |
| July | 4,866.40 |
| August | 6,227.10 |
| September | 5,110.00 |
| October | 6,030.00 |
| November | 2,815.00 |
| December | 5,630.00 |
| | |
| Gross total for year | $58,735.58 |
| Net total for year | $42,686.36 |

6

**2010:**
| | |
|---|---|
| January | 5,925.00 |
| February | 3,705.00 |
| March | 4,055.00 |
| April | 3,641.00 |

The plan indicates the following plan payments to creditors:

| | | |
|---|---|---|
| Payments to Class 3 | $1,359.00 | |
| Payments to Class 4 | 1,139.94 | |
| Payments to Class 5 | 6,212.14 | |
| Payments to Class 6 | <u>149.26</u> | $8,860.34 per month |

| | |
|---|---|
| Average net monthly income for Classes 3, 4 and 6 properties for 2009 | $3,557.20 |
| Monthly payment for Classes, 3, 4 and 6 | 2,648.20 |
| | |
| Projected net monthly rental income for Merrimon Avenue property | $6,500.00 |
| Monthly payment for Class 5 | 6,212.14 |

Subject to potential expenses for the rental properties, the projected monthly amount available for Classes 2, 7, 8 & 9 is between approx. $1,000.00 and $1,500.00.

## LIQUIDATION ANALYSIS

If this were a Chapter 7 case, the debtor/debtor-in-possession estimates that the general creditors might receive approximately 20% of claims.

If the debtor/debtor-in-possession were liquidated today, the unsecured creditors would receive approximately 20% on their claim; in the Chapter 11, the debtor/debtor-in-possession projects payment in full to unsecured creditors.

In the debtor/debtor-in-possession's Chapter 11 plan, the unsecured creditors will receive more than they would in a Chapter 7 liquidation.

The debtor's only assets are parcels of real property. In today's market, if they were all liquidated, except the Ken Sexton property, it appears that only the secured creditor, Carolina First Bank, would receive payment (based on the creditor's valuations). In a Chapter 7 proceeding, Ken Sexton property could generate potential value to unsecured creditors of approximately $10,000.00 to $20,000.00 (listed value $40,000.00; secured claim $20,833.55.

## MANAGEMENT AND OWNERSHIP

The debtor is owned by Charles W. Taft who is the sole member/manager/insider. The plan contemplates that there will be no changes in the structure and management of the debtor/debtor-in-possession. Distributions to the member/manager will occur only after Classes 1-9 are paid their full plan payment(s).

## REMEDY OF CREDITOR

Remedy of Creditors in event of default: The debtor/debtor-in-possession shall be deemed in default under the terms and provisions of this plan in the event it fails to carry out any of the terms and provisions imposed upon it by said plan and said condition is not corrected by it within 45 days after receipt of written notice of default from any creditor owed money hereunder at the time of default. In the event that the debtor/debtor-in-possession shall default under the terms and conditions of this plan, the creditor hereunder affected by the default may pursue its normal legal nonbankruptcy remedies.

Upon full default, the debtor may engage appropriate professionals to conduct an orderly sale of its assets for the benefit of the creditors, primarily the unsecured creditors, if it appears that such a sale could pay more than the amounts due, at that time, to secured creditors. The sale process shall occur no longer than 150 days after default.

## DISCHARGE

Pursuant to 11 USC Sections 1141, any and all amounts due by the debtor/debtor-in-possession to its creditors shall be discharged upon confirmation. The debtor/debtor-in-possession will issue evidence of indebtedness to the creditors reflecting the confirmed plan and new indebtedness to the allowed claimants.

This the 15 day of October, 2010.

ASHEVILLE CULTURAL ARTS CENTER, LLC

BY: _____
    Charles W. Taft, Member/Manager

_____
David G. Gray, Attorney for Debtor
N. C. State Bar No. 1733

WESTALL, GRAY, CONNOLLY & DAVIS, P.A.
81 Central Avenue, Asheville, North Carolina 28801
Tel: (828) 254-6315/Fax: (828) 255-0305

8

## FINANCIAL AND DESIGNATED INFORMATION ATTACHED:

**Exhibit 1:**   Schedules D, E and F

**Exhibit 2:**   Claims Register

**Exhibit 3:**   Tax information/filing for the debtor

**Exhibit 4:**   Monthly rental statements from property manager for

Properties 1, 2 and 3 for January 2009-January, 2010

**Exhibit 5:**   Tax return for Asheville Art Center, Inc. (Merrimon Avenue tenant)

**Exhibit 6:**   Financial statement for Asheville Art Center, Inc. (Merrimon Avenue tenant)

# Exhibit 1:    Schedules D, E and F

B6D (Official Form 6D) (12/07)

In re  Asheville Cultural Arts Center, LLC  
                  Debtor

Case No. _____  
         (If known)

# AMENDED SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxx5427<br>Carolina First Bank<br>200 College Street<br>Asheville, NC 28801<br><br>Douglas J. Tate<br>Substitute Trustee<br>PO Box 3180<br>Asheville, NC 28802 | X | | Deed of Trust<br>Real property and improvements (house and five mobile homes) located at 9 Joy Lane, Candler, Buncombe County, North Carolina<br><br>VALUE $240,000.00 | | | | 180,000.00 | 0.00 |
| ACCOUNT NO. xxx6229<br>Carolina First Bank<br>200 College Street<br>Asheville, NC 28801<br><br>Douglas J. Tate<br>Substitute Trustee<br>PO Box 3180<br>Asheville, NC 28802 | X | | Deed of Trust<br>Real property and improvements (house and three mobile homes) located at 1761 Pisgah Highway, Candler, Buncombe County, North Carolina<br><br>VALUE $180,000.00 | | | | 140,000.00 | 0.00 |
| ACCOUNT NO. xxx6831<br>Carolina First Bank<br>200 College Street<br>Asheville, NC 28801<br><br>Douglas J. Tate<br>Substitute Trustee<br>PO Box 3180<br>Asheville, NC 28802 | X | | Deed of Trust<br>Real property and improvements located at 308 Merrimon Avenue, Asheville, Buncombe County, North Carolina<br><br>VALUE $1,000,000.00 | | | | 850,000.00 | 0.00 |

1   continuation sheets attached

Subtotal ►  
(Total of this page)      $ 1,170,000.00    $ 0.00

Total ►  
(Use only on last page)      $    $

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data )

B6D (Official Form 6D) (12/07)- Cont.

In re  Asheville Cultural Arts Center, LLC  	Case No. _____
　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　(If known)

# AMENDED SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxx4413<br>Self Help Credit Union<br>PO Box 3619<br>Durham, NC 27702 | X | | Deed of Trust<br>Real property and improvements located at 3 Ken Sexton Lane, Candler, Buncombe County, North Carolina<br><br>VALUE $40,000.00 | | | | 20,833.55 | 0.00 |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal > (Total of this page)　　$ 20,833.55 | $ 0.00

Total > (Use only on last page)　　$ 1,190,833.55 | $ 0.00

(Report also on Summary of Schedules)　(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

B6E (Official Form 6E) (12/07)

In re __Asheville Cultural Arts Center, LLC_____,  Case No. _____
                        Debtor                                              (If known)

# AMENDED SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4)

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5)

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6)

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9)

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug or another substance 11 U.S.C. § 507(a)(10)

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment

1 continuation sheets attached

B6E (Official Form 6E) (12/07) – Cont.

In re   Asheville Cultural Arts Center, LLC                                     Case No. _____
                                   Debtor                                                    (If known)

# AMENDED SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority: Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Buncombe Co. Tax Office<br>Buncombe Co. Courthouse<br>60 Court Plaza<br>Asheville, NC 28801 | | | Property taxes: 2009<br><br>308 Merrimon Avenue $7,441.91<br>1761 Pisgah Highway $927.51<br>Joy Lane $1,428.41<br>Ken Sexton lane $214.20 | | | | 10,012.03 | 10,012.03 | $0.00 |

Sheet no 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals> (Totals of this page)   $ 10,012.03   $ 10,012.03   $ 0.00

Total >
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)   $ 10,012.03

Total >
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)   $ 10,012.03   $ 0.00

B6F (Official Form 6F) (12/07)

In re   Asheville Cultural Arts Center, LLC                                Case No. _____
                        Debtor                                                      (If known)

# AMENDED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxx9922<br>Chase Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886 | | | | | | | 2,578.74 |
| ACCOUNT NO.<br>Nora Vetro<br>PO Box 116<br>Fairview, NC 28730 | | | | | | | 34,000.00 |
| ACCOUNT NO<br>Nora Vetro<br>PO Box 116<br>Fairview, NC 28730 | | | | | | | 38,765.99 |
| ACCOUNT NO.<br>Service Excellence Group<br>825-C Merrimon Avenue<br>Asheville, NC 28804 | | | | X | X | X | Amt. unk. |

0   Continuation sheets attached

Subtotal > $ 75,344.73

Total > $ 75,344.73

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

# Exhibit 2: Claims Register

# Western District of North Carolina
# Claims Register

## 09-11357 Asheville Cultural Arts Center, LLC

**Judge:** George R. Hodges        **Chapter:** 11
**Office:** Asheville              **Last Date to file claims:**
**Trustee:**                       **Last Date to file (Govt):**

| Creditor: (4093716) Nora Vetro PO Box 116 Fairview, NC 28730 | Claim No: 1 Original Filed Date: 02/16/2010 Original Entered Date: 02/16/2010 | Status: Filed by: CR Entered by: eDkt, Modified: |
|---|---|---|

| Unsecured claimed: $72765.99 | Unsecured allowed: $0.00 |
| Secured claimed: $0.00 | Secured allowed: $0.00 |
| Priority claimed: $0.00 | Priority allowed: $0.00 |
| Unknown claimed: $0.00 | Unknown allowed: $0.00 |
| **Total claimed: $72765.99** | **allowed: $0.00** |

*History*
Details  1-1  02/16/2010  Claim #1 filed by Nora Vetro, total amount claimed: $72765.99 (eDkt)

*Description:*
*Remarks:*

| Creditor (4093716) Nora Vetro PO Box 116 Fairview, NC 28730 | Claim No: 2 Original Filed Date: 02/16/2010 Original Entered Date: 02/16/2010 | Status: Filed by: CR Entered by: eDkt, Modified: |
|---|---|---|

| Unsecured claimed: $72765.99 | Unsecured allowed: $0.00 |
| Secured claimed: $0.00 | Secured allowed: $0.00 |
| Priority claimed: $0.00 | Priority allowed: $0.00 |
| Unknown claimed: $0.00 | Unknown allowed: $0.00 |
| **Total claimed: $72765.99** | **allowed: $0.00** |

*History:*
Details  2-1  02/16/2010  Claim #2 filed by Nora Vetro, total amount claimed: $72765.99 (eDkt)

*Description:*
*Remarks:*

| Creditor (4158234) Self Help Credit Union Commercial Lending PO Box 3619 | Claim No: 3 Original Filed Date: 04/20/2010 Original Entered | Status: Filed by: CR Entered by: eDkt, Modified: |
|---|---|---|

| Durham, NC 27702-3619 | Date: 04/20/2010 | |
|---|---|---|
| Unsecured claimed: $0.00 | Unsecured allowed: $0.00 | |
| Secured claimed: $19445.56 | Secured allowed: $0.00 | |
| Priority claimed: $0.00 | Priority allowed: $0.00 | |
| Unknown claimed: $0.00 | Unknown allowed: $0.00 | |
| **Total claimed: $19445.56** | **allowed: $0.00** | |

*History:*
Details  3-1  04/20/2010 Claim #3 filed by Self Help Credit Union, total amount claimed: $19445.56 (eDkt)

*Description.*

*Remarks:* (3-1) Account Number (last 4 digits):4413

| *Creditor:* (4163061)<br>Carolina First Bank<br>Rory D Whelehan<br>PO Box 10208<br>Greenville, SC 29603-0208 | **Claim No: 4**<br>*Original Filed*<br>*Date:* 04/27/2010<br>*Original Entered*<br>*Date:* 04/27/2010 | *Status.*<br>*Filed by:* CR<br>*Entered by:* eDkt,<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $159113.12 | Unsecured allowed: $0.00 | |
| Secured claimed: $0.00 | Secured allowed: $0.00 | |
| Priority claimed: $0.00 | Priority allowed: $0.00 | |
| Unknown claimed: $0.00 | Unknown allowed: $0.00 | |
| **Total claimed: $159113.12** | **allowed: $0.00** | |

*History.*
Details  4-1  04/27/2010 Claim #4 filed by Carolina First Bank, total amount claimed: $159113.12 (eDkt)

*Description.*

*Remarks:* (4-1) Account Number (last 4 digits):6229

| *Creditor:* (4163061)<br>Carolina First Bank<br>Rory D Whelehan<br>PO Box 10208<br>Greenville, SC 29603-0208 | **Claim No: 5**<br>*Original Filed*<br>*Date:* 04/27/2010<br>*Original Entered*<br>*Date:* 04/27/2010 | *Status.*<br>*Filed by:* CR<br>*Entered by:* eDkt,<br>*Modified.* |
|---|---|---|
| Unsecured claimed: $867095.82 | Unsecured allowed: $0.00 | |
| Secured claimed: $0.00 | Secured allowed: $0.00 | |
| Priority claimed: $0.00 | Priority allowed: $0.00 | |
| Unknown claimed: $0.00 | Unknown allowed: $0.00 | |
| **Total claimed: $867095.82** | **allowed: $0.00** | |

*History:*
Details  5-1  04/27/2010 Claim #5 filed by Carolina First Bank, total amount claimed: $867095.82 (eDkt)

*Description:*

*Remarks:* (5-1) Account Number (last 4 digits):3776

| Creditor: (4163061)<br>Carolina First Bank<br>Rory D. Whelehan<br>PO Box 10208<br>Greenville, SC 29603-0208 | **Claim No: 6**<br>*Original Filed Date:* 04/27/2010<br>*Original Entered Date:* 04/27/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* eDkt,<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $189690.38<br>Secured claimed: $0.00<br>Priority claimed: $0.00<br>Unknown claimed: $0.00<br>**Total claimed: $189690.38** | Unsecured allowed: $0.00<br>Secured allowed: $0.00<br>Priority allowed: $0.00<br>Unknown allowed: $0.00<br>**allowed: $0.00** | |

*History:*
Details  6-1  04/27/2010  Claim #6 filed by Carolina First Bank, total amount claimed: $189690.38 (eDkt)

*Description:*

*Remarks:* (6-1) Account Number (last 4 digits):5427

| Creditor: (4163061)<br>Carolina First Bank<br>Rory D. Whelehan<br>PO Box 10208<br>Greenville, SC 29603-0208 | **Claim No: 7**<br>*Original Filed Date:* 04/27/2010<br>*Original Entered Date:* 04/27/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* eDkt,<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $84517.10<br>Secured claimed: $0.00<br>Priority claimed: $0.00<br>Unknown claimed: $0.00<br>**Total claimed: $84517.10** | Unsecured allowed: $0.00<br>Secured allowed: $0.00<br>Priority allowed: $0.00<br>Unknown allowed: $0.00<br>**allowed: $0.00** | |

*History:*
Details  7-1  04/27/2010  Claim #7 filed by Carolina First Bank, total amount claimed: $84517.1 (eDkt)

*Description:*

*Remarks:* (7-1) Account Number (last 4 digits):6831

| Creditor: (4093711)<br>Buncombe Co. Tax Office<br>Buncombe Co. Courthouse<br>60 Court Plaza<br>Asheville, NC 28801 | **Claim No: 8**<br>*Original Filed Date:* 08/06/2010<br>*Original Entered Date:* 08/06/2010 | *Status:* Withdraw 62<br>*Filed by:* CR<br>*Entered by:* eDkt,<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $122.86<br>Secured claimed: $0.00<br>Priority claimed: $0.00<br>Unknown claimed: $0.00<br>**Total claimed: $122.86** | Unsecured allowed: $0.00<br>Secured allowed: $0.00<br>Priority allowed: $0.00<br>Unknown allowed: $0.00<br>**allowed: $0.00** | |

*History:*

| | | |
|---|---|---|
| Details | 8-1 | 08/06/2010 Claim #8 filed by Buncombe Co Tax Office, total amount claimed: $122.86 (eDkt) |
| | 62 | 08/06/2010 Withdrawal of Claim 8. (eDkt) Status: Withdraw |

| Description. |
|---|

| Remarks. (8-1) Account Number (last 4 digits):4392 |
|---|

## Claims Register Summary

**Case Name:** Asheville Cultural Arts Center, LLC
**Case Number:** 09-11357
**Chapter:** 11
**Date Filed:** 12/14/2009
**Total Number Of Claims:** 8