IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | 09-11357/Chapter 11 Proceeding |
| | ) | |
| ASHEVILLE CULTURAL ARTS | ) | AMENDED CHAPTER 11 PLAN |
| CENTER, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

The plan provides for creditors to be paid as follows:

CLASS 1. ADMINISTRATIVE CLAIMS: The plan will first pay all administrative claims including but not exclusively court costs, quarterly fees (if any), accountant(s), creditor committee expenses, attorney for the creditors committee (if any), attorney(s) for the debtor/debtor-in-possession and any other administrative claims so ordered by the Court. These costs are estimated to be approximately $20,000.00 and will be paid on or before the effective date.

CLASS 2. ADMINISTRATIVE TRADE CREDITORS: The debtor/debtor-in-possession does not believe there will be any administrative trade creditors; however, if administrative trade creditors including tax claimants are determined, these creditors shall be paid in full by regular quarterly payments for a period of one (1) year at eight percent (8%) simple annual interest with payments to begin at the end of the first full calendar quarter after substantial consummation and each consecutive quarter thereafter for the one year period.

CLASS 3. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK of approximately $189,690.38 secured by real property and improvements (house and five mobile homes) located at 9 Joy Lane, Candler, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $1,359.00 per month beginning on the 5th day of the next full month after the effective date and the 5th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 4. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK of approximately $159,113.12 secured by real property and improvements (house and three mobile homes) located at 1761 Pisgah Highway, Candler, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $1,139.94 per month beginning on the 15th day of the next full month after the effective date and the 15th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 5. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK of approximately $867,095.82 secured by real property and improvements located at 308 Merrimon Avenue, Asheville, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $6,212.14 per month beginning on the 25th day of the next full month after the effective date and the 25th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 6. IMPAIRED SECURED CLAIM OF SELF HELP CREDIT UNION of approximately $20,833.55 secured by real property and improvements, a mobile home, located at 3 Ken Sexton Lane, Candler, Buncombe County, North Carolina. The allowed secured claim will be reamortized for 20 years at 6% simple annual percentage rate with monthly payments of approximately $149.26 beginning on the 28th day of the next full month after the effective date and the 28th of each month for 84 consecutive months at which time, on the 85th month, the full balance of the loan will mature and be subject to payment in full (a balloon payment) at that time. The creditor will retain its lien.

CLASS 7. PRIORITY TAX CLAIMS: Allowed claims of governmental units to the extent they are entitled to priority under 11 USC Section 507(a)(8) shall be deferred and paid over a five (5) year period from the date of the order for relief with interest on a monthly basis. Interest for the I.R.S. is provided for in I.R.C. Section 6621 and for other priority tax claims such as North Carolina Department of Revenue, the legal rate applies. Payments will begin the next month after the first full quarter after the effective date and each consecutive time period thereafter until the allowed claim is paid.

CLASS 8. PRIORITY CLAIMS: After determination of priority status, all claims superior to tax claims shall be paid in full within five (5) years of confirmation plus 5.25% interest per annum for the five year period.

CLASS 9. IMPAIRED UNSECURED CLAIMS of approximately $75,344.73. Allowed unsecured claims will be paid by quarterly payments for five (5) years (20 quarters) by payments of no less than $2,000.00 and no more than $4,500.00 per quarter beginning the next month after the first full quarter after the effective date and each quarterly period thereafter (payments should be made on or about January 31, April 30, July 31 and October 31 of each year). The debtor's intent is to pay these creditors in full within the six (6) year period.

CLASS 10. EXECUTORY CONTRACT with Asheville Property Management. In conjunction with confirmation and, if appropriate for the Chapter 11 estate and creditors, the debtor/debtor-in-possession intends to accept the contract with Asheville Property Management.

DEFINITIONS:

**Allowed Claim:** An allowed claim is one listed by the debtor on its petition and not designated by the debtor as being contingent/disputed/unliquidated or is a claim filed by or on behalf of the creditor, either of which is not objected to by the debtor or, if objected to by the debtor, allowed by the Court (subject to appeal) in some amount.

**Effective Date:** Effective date is the date from which payment dates are computed for each class of creditors and the date at which administrative claim amounts are due to be paid unless other treatment is ordered, agreed upon or provided for in the plan and not objected to. The effective date is 30 days from the entering of the order of confirmation unless the Court extends the time due to litigation which might materially affect implementation of the plan; see below for further description.

PROVISO: Notwithstanding any of the terms and conditions of the plan, disputed claims shall be paid only upon allowance by the Court. Upon confirmation, the debtor/debtor-in-possession will be revested with its assets subject only to all outstanding liens which are not avoidable by the debtor/debtor-in-possession under the provisions of Title 11 of the Code, and entitled to manage its affairs without further orders of this Court. However, subject to the debtor/debtor-in-possession being so revested with its assets, the Court will retain jurisdiction until the plan has been fully consummated, for adversaries, objections to claims, collecting accounts receivables, avoidance actions, post-confirmation rights involving creditors or other matters pending post-confirmation, or as otherwise indicated in this plan or confirmation order. The debtor/debtor-in-possession specifically reserves the right to object to any and all claims, post-confirmation, and all claims are deemed objected to until the plan is substantially consummated and/or allowed by the Court.

The maximum period for repayment will be 24 quarters for Class 9, 60 months for Classes 7 and 8, and 85 months for Classes 3, 4, 5 and 6.

PLAN INCOME:

The plan income is generated from rental income from the four (4) parcels of real property and improvements.

The fall of 2009 and winter of 2010 saw a significant increase in expenses for some of the rental properties which should not be duplicated for several years in the future.

The Merrimon Avenue property has generated inconsistent income for the years of 2008, 2009 and the first part of 2010, primarily due to the economic distress locally and generally in the nation. Little, if any rent was paid by the tenant.

The tenant, Asheville Arts Center, Inc. has reorganized its business and now can consistently pay the rent for that primary asset.

Asheville Arts Center, Inc. is owned by Heather Taft (one-half interest) and Charles W. Taft (one-half interest) with Heather Taft as the President and Chief Operating Officer of that corporation.

The other rental properties have averaged the following rentals and net rentals over the past year:

**2009:**

| | |
|---|---|
| February | $ 6,330.00 |
| March | 3,755.00 |
| April | 3,020.00 |
| May | 5,067.00 |
| June | 4,580.00 |
| July | 4,866.40 |
| August | 6,227.10 |
| September | 5,110.00 |
| October | 6,030.00 |
| November | 2,815.00 |
| December | 5,630.00 |
| | |
| Gross total for year | $58,735.58 |
| Net total for year | $42,686.36 |

**2010:**

| | |
|---|---|
| January | 5,925.00 |
| February | 3,705.00 |
| March | 4,055.00 |
| April | 3,641.00 |

The plan indicates the following plan payments to creditors:

| | | |
|---|---|---|
| Payments to Class 3 | $1,359.00 | |
| Payments to Class 4 | 1,139.94 | |
| Payments to Class 5 | 6,212.14 | |
| Payments to Class 6 | <u>149.26</u> | $8,860.34 per month |

| | |
|---|---|
| Average net monthly income for Classes 3, 4 and 6 properties for 2009 | $3,557.20 |
| Monthly payment for Classes, 3, 4 and 6 | 2,648.20 |
| | |
| Projected net monthly rental income for Merrimon Avenue property | $6,500.00 |

4

Monthly payment for Class 5                                                                                                   6,212.14

Subject to potential expenses for the rental properties, the projected monthly amount available for Classes 2, 7, 8 & 9 is between approx. $1,000.00 and $1,500.00.

## MANAGEMENT AND OWNERSHIP

The debtor is owned by Charles W. Taft who is the sole member/manager/insider. The plan contemplates that there will be no changes in the structure and management of the debtor/debtor-in-possession. Distributions to the member/manager will occur only after Classes 1-9 are paid their full plan payment(s).

## REMEDY OF CREDITOR

Remedy of Creditors in event of default: The debtor/debtor-in-possession shall be deemed in default under the terms and provisions of this plan in the event it fails to carry out any of the terms and provisions imposed upon it by said plan and said condition is not corrected by it within 45 days after receipt of written notice of default from any creditor owed money hereunder at the time of default. In the event that the debtor/debtor-in-possession shall default under the terms and conditions of this plan, the creditor hereunder affected by the default may pursue its normal legal nonbankruptcy remedies.

Upon full default, the debtor may engage appropriate professionals to conduct an orderly sale of its assets for the benefit of the creditors, primarily the unsecured creditors, if it appears that such a sale could pay more than the amounts due, at that time, to secured creditors. The sale process shall occur no longer than 150 days after default.

## DISCHARGE

Pursuant to 11 USC Sections 1141, any and all amounts due by the debtor/debtor-in-possession to its creditors shall be discharged upon confirmation. The debtor/debtor-in-possession will issue evidence of indebtedness to the creditors reflecting the confirmed plan and new indebtedness to the allowed claimants.

This the _15_ day of _October_, 2010.

ASHEVILLE CULTURAL ARTS CENTER, LLC

BY: _____
Charles W. Taft, Member/Manager

_____
David G. Gray, Attorney for Debtor
N. C. State Bar No. 1733

5

**WESTALL, GRAY, CONNOLLY & DAVIS, P.A.**
81 Central Avenue, Asheville, North Carolina 28801
Tel: (828) 254-6315/Fax: (828) 255-0305